IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WAYNE LAWRENCE STANDART,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　／ | No. CR 04-00360 SI<br><br>**ORDER RE:  PRETRIAL MOTIONS** |

　　　Now before the Court are a number of pretrial motions brought by defendant Wayne Lawrence Standart.  Standart moves for additional discovery, to dismiss the indictment against him, and to exclude a co-defendant's confession from his trial.  With the exception of Standart's request for notes written by law enforcement officers, which the Court will review *in camera*, the Court DENIES Standart's motions.

**1.    Motion for Discovery**

　　　Standart's motion seeks discovery of five classes of information: (1) written notes of investigation by law enforcement officers; (2) evidence of prior thefts by Arthur Gates and Standart from Annie's Attic; (3) evidence relating to the state court prosecution of William Cargille and Kenneth Doolittle; (4) the identities of any unindicted co-conspirators; and (5) the address and telephone number of Neil Gray.

　　　As to the second, third and fourth requests, the government has affirmed that it has already produced all evidence or information in its possession.  Accordingly, Standart's request for discovery is DENIED as to those categories of information.  As to the fifth request, defendant concedes that a misunderstanding of the word "Millbrae" on the tape recording prompted the request, and has withdrawn it.

　　　As to the first category of information, the government has agreed to submit notes from trial witnesses

to the Court by Monday, December 5, 2005. The Court will review those notes *in camera* to determine if they must be produced to defendant.

**2.    Motion to Dismiss**

Standart also moves to dismiss the indictment, or, in the alternative, for a bill of particulars. Because the indictment provides a broad range of dates for his allegedly illegal conduct – "December 6, 2001, to September 2002" – Standart alleges that the indictment is fatally flawed.

   **A.    Sufficiency of Indictment**

Standart provides two arguments for his challenge to the indictment. First, he alleges that, without the precise date of his alleged misconduct, the indictment fails to meet the requirements of Federal Rule of Criminal Procedure 7. Rule 7 requires that an indictment contain "a plain, concise, and definite written statement of the essential facts of the offense charged." Fed. R. Cr. P. 7(c)(1); *see also Russell v. United States*, 369 U.S. 749, 763-64 (1962) (indictment must "sufficiently apprise[] the defendant of what he must be prepared to meet").

A review of the indictment demonstrates that it contains adequate detail to satisfy the requirements of Rule 7. The "essential facts" of the offense – that Standart possessed firearms that had been stolen from Annie's Attic Self Storage – are described in the indictment. Although the exact date of the theft is not alleged, courts have found indictments sufficient if they contain enough detail to otherwise apprise the defendant of the conduct charged. *See, e.g.*, *United States v. Laykin*, 886 F.2d 1534, 1542 (9th Cir. 1989) (indictment alleging acts that occurred between "January 15, 1985 and July 14, 1986," was sufficient); *United States v. Perez*, 67 F.3d 1371, 1377 (9th Cir. 1989) (indictment that alleged time period of "between 1991 and December 28, 1993" was sufficient because "time is not an element of the crime of distributing heroin"), *opinion withdrawn in part*, 116 F.3d 840 (1997) (*en banc*); *see also United States v. Flaherty*, 295 F.3d 182, 198 (2d Cir. 2002) (finding an indictment adequate that alleged that a criminal enterprise was conducted "[i]n or about and between 1992 and April 1998" because "[a]n indictment need only track the language of the statute and, if necessary to apprise the defendant 'of the nature of the accusation against him' . . . state time

and place in approximate terms") (alterations and omissions in original).

Standart's second challenge to the indictment is that it fails to comply with the mandates of Federal Rule of Criminal Procedure 12.1. Rule 12.1, however, concerns the government's ability to request notice of an alibi defense, and does not purport to place any requirements on an indictment. *See* Fed. R. Crim. P. 12.1(a)(1) (requiring government to state "time, date, and place of the alleged offense" when requesting that defendant disclose any intended alibi defense).

The government's indictment in this case contains sufficient detail to apprise Standart of the charges against him. The Court therefore DENIES Standart's motion to dismiss.

### B. Bill of Particulars

In the alternative, Standart moves for a bill of particulars to clarify the date of the alleged theft. *See* Fed. R. Civ. P. 7(f). As an initial matter, Standart failed to bring his motion within the 10 days provided for by Rule 7(f), and has therefore waived his right to a bill of particulars. *See Barnard v. United States*, 16 F.2d 451, 453 (9th Cir. 1926); *United States v. Miller*, 217 F. Supp. 760, 761 (E.D. Pa. 1963); *United States v. Taylor*, 25 F.R.D. 225, 226 (E.D.N.Y. 1960).

Even if Standart's request had been timely, he has not demonstrated that a bill of particulars is required. There are three purposes to a bill of particulars:

> To inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Geise*, 597 F.2d 1170, 1180 (9th Cir. 1979). The only reason that defendant requests a bill of particulars is to help him prepare for trial by allowing him to present an alibi.

Where an indictment adequately provides the defendant notice of the charges against him, a bill of particulars is not required, even where a defendant claims the information is needed to develop an alibi defense. *See, e.g.*, *United States v. Paiva*, 892 F.2d 148, 154-55 (1st Cir. 1989) (where indictment sufficiently informed defendant of the nature of the charges against him, court's denial of bill of particulars was not abuse of discretion even though defendant claimed he could not develop alibi defense); *United States v. Long*, 449 F.2d 288, 294-95 (8th Cir. 1971) (finding no abuse of discretion in denial of bill of particulars sought to

3

establish alibi because "[a]cquisition of evidentiary detail is not the function of the bill of particulars"); *see also United States v. DeCesare*, 765 F.2d 890, 897-98 (9th Cir.1985) (defendant not entitled to bill of particulars to determine the exact date on which conspiracy began). Given that the indictment adequately informs Standart of the charges against him, his request for a bill of particulars is DENIED.

### 3. Motion to Exclude Confession

Finally, Standart moves to exclude the confession of his co-defendant from use at trial or, in the alternative, to sever his trial from the trial of defendant Schoenstein. The Court will sever the defendants' trials and hold them sequentially, defendant Schoenstein's trial to proceed first. To this extent, Standart's motion is GRANTED.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court DENIES Standart's motion to dismiss the indictment (Docket No. 56) and GRANTS Standart's motion to sever his trial from that of co-defendant Schoenstein (Docket No. 55). The Court also DENIES Standart's motion for discovery (Docket No. 57), except as to Standart's request for law officer notes, which the Court will review *in camera*.

**IT IS SO ORDERED.**

Dated: December 2, 2005

SUSAN ILLSTON
United States District Judge