IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 04-00360 SI |
| Plaintiff, | **ORDER RE: PRODUCTION OF ATF SPECIAL AGENT INTERVIEW NOTES** |
| v. | |
| WAYNE LAWRENCE STANDART, | |
| Defendant. | |

On November 17, 2005, defendant Wayne Lawrence Standart moved to compel the discovery of witness-interview notes taken by ATF agents. The government objected, claiming that defendant was not entitled to the notes because it had already provided defendant with copies of formal reports made from those notes. To ensure that all relevant information from the notes was contained in the reports, the Court has reviewed the notes *in camera*. Having compared the reports to the corresponding interview notes, the Court hereby ORDERS the government to produce the notes of ATF Special Agents Jeff Maggard and Tommy Ho, described below.

The government takes the position that it is only required to produce interview notes to a defendant if the notes "contain material and exculpatory information and have not already been turned over in the form of a formal report." *See United States v. Alvarez*, 86 F.3d 901, 904 n.2 (9th Cir. 1996). The Court believes a less stringent standard is appropriate. *Alvarez* concerned surveillance notes, which the Ninth Circuit has explicitly differentiated from interview notes. *See United States v. Andersson*, 813 F.2d 1450, 1459 (9th Cir. 1987) (holding that, although interview notes must be "preserved or produced," "an agent's rough notes taken during the course of surveillance need not be preserved or produced"). In contrast, courts have generally held that formal reports of interviews are sufficient only if they contain "all the information contained in the interview

notes." *United States v. Brown*, 303 F.3d 582, 590 (5th Cir. 2002); *see also United States v. Coe*, 220 F.3d 573, 583 (7th Cir. 2000) (holding defendant was not entitled to notes where report "accurately reflect[ed] all of the information provided in the handwritten notes"); *United States v. Koskerides*, 877 F.2d 1129, 1133 (2d Cir. 1989) (disclosure of notes was not required where "everything in the notes was contained in the memorandum given to [the defendant]").

Under this standard, the Court finds that two sets of interview notes must be produced to defendant because the corresponding reports do not contain "all the information contained in the interview notes." Accordingly, the government is hereby ORDERED to produce the notes of ATF Special Agent Jeff Maggard related to his October 22, 2004, interview with Ron Cirigliano (corresponding to the report bates labeled MFT0153-0154) and the notes of ATF Special Agent Tommy Ho related to his February 24, 2005, interview with Robert Guay (corresponding to report No. 40).

## CONCLUSION

The government is ORDERED to produce the notes of ATF Special Agents Maggard and Ho. It shall produce the notes to defendant by December 23, 2005.

**IT IS SO ORDERED.**

Dated: December 19, 2005

SUSAN ILLSTON
United States District Judge